GEORGE W. OUTCALT v. WILLIAM COLLIER.

(Filed February 18, 1898 )

APPEAL—*Necessary Parties.* Where an appeal is taken to modify or reverse the judgment of a district court and the records show that a modification or reversal of the judgment will injuriously affect numerous parties who were co-defendants in the court below, and it does not appear that such co-defendants are made parties to the appellate proceedings, *Held,* that the appeal should be dismissed. (*County Commissioners of Logan County v. Cora V. Harvey, et al.,* 5 Oklahoma, 468 followed.)

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before James R. Keaton, District Judge.*

*William P. Harper,* for plaintiff in error.

*John H. Beaty,* for defendant in error.

Opinion of the court by

DALE, C. J.: William Collier, defendant in error, brought an action in the probate court of Oklahoma county against C. Taylor, George W. Outcalt, H. E. Athey, J. S. Muzzy, Wm. S. Carrell, and S. K. Hawkins, to recover upon a promissory note, and obtained a judgment against all of said defendants. Whereupon an appeal was taken, and in the district court, when the case was called for trial, the plaintiff being represented by John H. Beaty, and the defendants by H. H. Howard, a judgment by agreement was entered in favor of the plaintiff, Collier, and against all of the said defendants, in the sum of $333.25, and costs of action. The judgment was dated October 23, 1896, and the journal entry was approved by the attorneys of record and duly signed by the

judge on said date.   Afterwards, and on the 5th day of
November, 1896; the defendants filed their motion to set
aside the judgment, and for a new trial of the cause; all
of said defendants appearing to the motion and support-
ing the same by affidavits.   Upon a hearing the court sus-
tained the motion to the extent of setting aside the judg-
ment, except as to George W. Outcalt, and as to the last
named party, the court refused to disturb the judgment
in any manner, it appearing from the evidence brought
into the case-made, that Outcalt was personally present
at the time of the rendering of the judgment in the dis-
trict court and agreed that the same might be so entered.
Outcalt appealed by service of summons upon William M.
Collier alone, and by filing a petition in error, together
with the transcript and case-made in this court.   And he
seeks a modification or reversal of the judgment rendered
in the lower court, and assigns as one of the errors that
the judgment rendered was joint, and an entirety against
all of the defendants, and if void as to part of the defend-
ants, is void as against all.

This court in an action entitled *Board of Co. Comm'rs.
v. Cora B. Harvey, et al.,* 5 Oklahoma 468, by Mr. Justice
Bierer, in passing upon the question of necessary parties
to an appeal, laid down the following rule:

"And the rule appears to be that all persons who are
parties to the proceeding in the trial court, and whose
interests will be affected by a reversal of the judgment,
must be brought into the appellate proceeding.   And also
where the interests of those who are brought as parties
into the appellate proceeding will be injuriously affected
by a reversal or modification of the judgment complained
of, as to such parties without a re-opening of the case

as to other parties as to whose interests the judgment has become final by the failure to appeal, so likewise the appeal will be dismissed."

The Kansas authorities were very carefully reviewed and considered in the opinion, and the rule, as above announced, has become the law of this Territory. In the case we are now considering, the co-defendants of Outcalt would be injuriously affected by a reversal of the judgment of the district court.

If, as urged by the appellant Outcalt, the district court should have sustained the judgment in its entirety against all of the defendants in order that he might enforce contribution upon payment thereof, it will readily be observed that if we should modify or reverse the judgment of the lower court, our decision would injuriously affect them. The plaintiff in error served his summons in error upon Collier alone, evidently under the impression that Collier was the only party interested in the appellate proceedings, and in as much as all of the co-defendants were parties to the judgment below, and each, we think, have an interest which would be affected by the action of this court in case the judgment of the lower court is modified or reversed, we think the rule laid down in *Co. Comm'rs. v. Harvey, et al., supra,* is applicable, and we therefore refuse to consider the appeal for the reason that the appellant has failed to bring the necessary parties into this court.

For the reasons above stated the appeal is dismissed.

Keaton, J., having presided in the court below, not sitting; all the other Justices concurring.